## KEARNEY *v.* SNODGRASS AND MINOR.

JURY—INSTRUCTIONS—VERDICT.—It is error for the court to instruct the jury to find a verdict for a party to the action, if they determine a particular issue in a certain manner, when other distinct and material issues are presented by the pleadings and controverted by the evidence to such an extent as to render their submission to the jury proper and and necessary.

APPEAL from Umatilla County. The facts are given in the opinion.

*W. W. Thayer,* for appellants.

*Lucien Everts,* for respondent.

By the Court, WATSON, J.:

The respondent brought this action against T. H. Foster, Benj. Reeves, R. G. Thompson, and the appellants, W. J. Snodgrass and T. F. Minor, in the circuit court for Umatilla county, on a promissory note, of which the following is a copy:

" 2608 50.          PILOT ROCK, Or., May 26, '80.

On or before November 25th, 1880, after date, without grace, we promise to pay to the order of E. S. Karney, two thousand six hundred and eight and 50-100 dollars, payable only in gold coin of the United States of America, with interest thereon in like gold coin, at the rate of one per cent. per month from date until paid, for value received.

T. H. FOSTER, REEVES & Co.<br>R. G. THOMPSON."

He alleges in his complaint that said note was made and delivered to him by all of said defendants, and that at the date of the execution thereof, said Foster, Reeves, Snodgrass and Minor " were partners, and doing business in

13

Umatilla county and elsewhere, under the firm name and style of T. H. Foster, Reeves & Co."

The appellants, Snodgrass and Minor, answered the complaint, denying "that at the time mentioned therein, or at any other time, said Foster, Reeves, Snodgrass and Minor, or any of them except said Foster and Reeves, were partners, or doing business in Umatilla county, or elsewhere, under the firm name of T. H. Foster, Reeves & Co., or under any other name except as hereinafter stated," denying the marking and delivery of the note, and alleging that on March 20, 1880, and long after said Foster and Reeves had purchased the band of cattle from Kearney for which the note in suit was given, they, as partners, under the firm name of Snodgrass & Minor, entered into an agreement with said firm of Foster and Reeves, by the terms of which said firm of Snodgrass & Minor were to, and did thereafter furnish the money for and bear the expense of driving from Umatilla, Grant and Union counties, in Oregon, to Rock creek, in Wyoming, and Fremont, in Nebraska, two herds of cattle, the same including the cattle for which said note was given, for and in consideration of receiving one-third of the net profits arising from the sale of said cattle. And that they had no other business, engagement or relation with said Foster and Reeves, or either of them; never did business under the firm name of "T. H. Reeves & Co.," either with said Foster and Reeves, or otherwise, and never adopted or were known by said firm name, or 'any other name than that of Snodgrass & Minor. The respondent, in his replication, traverses the material allegations of new matter in the answer, and alleges a subsequent ratification of the note by the appellants.

The case was tried by a jury upon evidence introduced by both parties, who found for the respondent in the amount

of the note, with interest, less a small payment admitted in the complaint. The court gave judgment on the verdict, and from this judgment Snodgrass & Minor have taken this appeal.

. It appears from the abstract of the evidence given at the trial, which is contained in the bill of exceptions, that the name " T. H. Foster, Reeves & Co." was subscribed by Foster alone, when the note was executed, in the absence of both Snodgrass and Minor. Thompson signed as a surety merely. Snodgrass in his testimony before the jury denied most emphatically that Foster had any authority from him to sign the note so as to make him liable upon it, and testified that he knew nothing of the note until he reached a place known as Little Camas Prairie, on Wood river, Idaho territory, on his road to Wyoming with the cattle.

Upon this state of the pleadings and evidence, the circuit court gave the jury the following, among other instructions, and the appellants excepted:

" If you find from the evidence that the plaintiff did not sell his cattle to Foster and Reeves, in such a manner that the risk in regard to them was transferred from him to them, prior to or about March 20, 1880, that being the date of the alleged contract between Snodgrass & Minor and Foster and Reeves, to the effect that said Snodgrass & Minor were to furnish money and bear the expense of driving the cattle east, for a share of the profits, then you will find for the plaintiff, unless you also find that there was an agreement between Snodgrass & Minor and Foster and Reeves, by which the first named firm were to be only held responsible for debts and liabilities incurred in driving the cattle east, and that the plaintiff was informed of this fact prior to the execution of the note." ·

The effect of this instruction was to hang the verdict up-

on the determination of the single question of fact whether the property in the cattle had passed to Foster and Reeves prior to the date of the appellant's agreement with them, March 20, 1880. There was no issue as to notice to respondent, of any limitations in said agreement, prior to the execution of the note sued on. But there were other issues to be determined by the jury upon the evidence, before they could find a verdict for the respondent, which were quite as material as the question of transfer of the respondent's property in the cattle, prior to the execution of the agreement between the firms of Snodgrass & Minor and Foster and Reeves.

Whether that agreement did operate to create a partnership between the two firms or not, so that Foster could have bound such partnership for the payment of the price for the cattle at the time the note was executed, it is quite certain that he did not bind it by the execution of the note itself in the name of "T. H. Foster, Reeves & Co.," unless that was the firm name adopted by the new partnership, either generally or in the particular transaction. If that was not the firm name, and Foster had no authority to bind the partnership under it in the particular instance, and there was no subsequent ratification, then the respondent was not entitled to recover on the note against the appellants, Snodgrass & Minor, in this action. (Story on Partnerships, sec. 102.)

And if, as claimed by the appellants in this case, the purchase was made by the firm of Foster and Reeves alone, and the cattle delivered to them and the note accepted by respondent exclusively upon the credit of such firm and their surety, Thompson, then, unless the name of the new partnership created by said agreement was "T. H. Foster, Reeves & Co.," or Foster had authority to bind it by that name in

the particular case, the appellants could not be made liable to the respondent for the price of the cattle, upon the note or otherwise, in any form whatever. (Story on Partnerships, sec. 154.)

Now we think these questions were all presented by the pleadings, and should have been submitted to the jury upon the proofs introduced. And as the effect of the introduction was to take them away from the jury and make the verdict depend on the decision of another and a distinct issue, it was erroneous, and could hardly have failed to produce substantial injury to the rights of the appellants. Especially does this seem probable when we consider that there is nothing in the other instructions given, although quite numerous, by which the effect of this instruction is qualified or explained in any manner. The judgment is reversed, with costs, and cause remanded for further proceedings.